# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY HENDERSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-16-0383-R |
| | ) |
| JASON BRYANT, Warden | ) |
| James Crabtree Correctional | ) |
| Center, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state inmate appearing pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his sentence computation. Doc. 1. In sum, Petitioner believes he is entitled to credits he earned while on parole which were "not revoked by the governor." *Id.* at 7. United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5. Respondent filed a motion for summary judgment, Doc. 11, Petitioner objected, Doc. 12, and Respondent filed a reply. Doc. 13. The undersigned recommends the court grant summary judgment and dismiss the petition without prejudice based on nonexhaustion of administrative remedies.

## I. Standard for summary judgment.

Respondent moved for summary judgment, alleging in part Petitioner failed to exhaust his administrative remedies. Doc. 11, at 5-7. On habeas review, the court may apply the Federal Rules of Civil Procedure and applicable case law involving summary judgment standards. *See Bonney v. Wilson*, 817 F.3d 703, 710 n.5 (10th Cir. 2016).

To that end, the court shall grant summary judgment if Respondent shows "there is no genuine dispute as to any material fact" and he is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Because Respondent asserts an affirmative defense—Plaintiff's failure to exhaust administrative remedies—he "'must demonstrate that no disputed material fact exists regarding the affirmative defense asserted' when the evidence is viewed in the light most favorable to [Petitioner]." *Kramer v. Wasatch Cnty. Sheriff's Office*, 743 F.3d 726, 746 (10th Cir. 2014) (citation omitted); *see also Acosta v. Daniels*, 589 F. App'x 870, 873 (10th Cir. 2014) (holding, on habeas review, exhaustion is an "affirmative defense"). If he makes that showing, the burden shifts back to Petitioner, "who must then 'produce evidentiary materials that demonstrate the existence of a "genuine fact" for trial.'" *Kramer*, 743 F.3d at 746 n.11 (citation omitted).

## II. Petitioner's failure to exhaust administrative remedies.

"The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief . . . ." *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). The exception is narrow, and exists only if "a petitioner can demonstrate that exhaustion is futile." *Id.* To accomplish administrative exhaustion, Petitioner was required to seek relief "first to the facility head, then with an appeal of that decision to the office of the [administrative review authority]." Doc. 11, Ex. 10.

In his petition, Petitioner marked he had filed a grievance or sought administrative remedy, but had *not* sought review from a higher authority. Doc. 1, at 2-3. Respondent agrees, presenting evidence Petitioner filed two requests to staff but did not file an appeal to the administrative review authority. Doc. 11, Exs. 8-10. In his objection, Petitioner argues "there is no available administrative remedy whereby the petitioner can exhaust his claims because the administrative authorities lack the authority to provide any relief." Doc. 12, at 1. But Petitioner has the burden of showing the administrative remedy is unavailable, *see Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011), and he fails to explain why prison officials would be unable to provide him relief if they did in fact owe him additional good time credits. *See Simpson v. Jones*, 316 F. App'x 807, 811-12 (10th Cir. 2009) (holding on summary judgment plaintiff "must present more than unsworn,

generalized and conclusory allegations" regarding the unavailability of administrative remedies). So, the undersigned finds Respondent is entitled to summary judgment on grounds Petitioner has not exhausted his administrative remedies. Judgment should take the form of dismissal without prejudice. *See, e.g., Lee v. Benuelos*, 595 F. App'x 743, 748 (10th Cir. 2014) (affirming the district court's granting of summary judgment and dismissing case without prejudice based on nonexhaustion of administrative remedies); *Wilson v. Bezona*, 485 F. App'x 976, 977 (10th Cir. 2012) (noting with approval: "[T]he magistrate judge concluded that there was 'no genuine issue of material fact' regarding whether Mr. Wilson had 'failed to exhaust his administrative remedies before filing this action.' Accordingly, she recommended granting summary judgment in defendants' favor and dismissing the case without prejudice."); *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) (noting that in *Jones v. Bock*, 549 U.S. 199, 221-24 (2007), the Supreme Court instructed that courts should "dismiss the unexhausted claims without prejudice").

### IV. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the court grant Respondent's motion for summary judgment, Doc. 11, and dismiss Petitioner's petition without prejudice for failure to exhaust administrative

4

remedies.  This recommendation, if adopted, will moot Petitioner's pending motion for appointment of counsel, Doc. 3.

The undersigned advises the parties of their right to file an objection to this report and recommendation with the Clerk of this Court by September 8, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  The undersigned further advises the parties that failure to timely object to this report and recommendation waives the right to appellate review of both factual and legal issues contained herein.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation terminates the referral.

ENTERED this 19th day of August, 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE